**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Angelo Ham, | ) | |
| | ) | Civil Action No.: 6:18-cv-00290-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | |
| Warden Williams, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the court for review is the Report and Recommendation of Magistrate Judge ("Report") entered on June 28, 2018 (ECF No. 24), addressing Respondent Warden William's ("Respondent") Motion to Dismiss (ECF No. 20) Petitioner Angelo Ham's ("Petitioner") Petition for Writ of Habeas Corpus ("Habeas Petition") (ECF No. 1). The Report recommends that the court grant Respondent's Motion and dismiss Petitioner's Habeas Petition without prejudice. (ECF No. 24 at 1.) For the reasons stated herein, the court **REJECTS** the Report and **DENIES** Respondent's Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Petitioner pled guilty to murder, armed robbery, and criminal conspiracy. (ECF No. 17-3 at 1.) At the time of the crime he was fifteen years old. (ECF No. 17-5 at 79.) The trial court sentenced Petitioner to life imprisonment without the possibility of parole for murder, twenty-five years' imprisonment for armed robbery, and five years' imprisonment for conspiracy. (*Id.* at 29, 40.) Petitioner appealed, but later moved for an Order dismissing the appeal before the South Carolina Court of Appeals. (ECF No. 17-1 at 1.) The South Carolina Court of Appeals dismissed the appeal in June 2008. (*Id.*) Subsequently, Petitioner filed four post-conviction relief

("PCR") applications, most recently in 2014. (ECF Nos. 17-2, 17-7, 17-9.)[1] In his third PCR application, Petitioner, represented by counsel, argued that his sentence of life imprisonment without the possibility of parole was impermissible under the Eighth Amendment and the decisions of the United States Supreme Court in *Graham v. Florida*, 560 U.S. 48 (2010),[2] and *Miller v. Alabama*, 567 U.S. 460 (2012).[3] (ECF No. 17-7 at 2–8.) This application was dismissed as untimely and successive. (ECF No. 17-8.) Shortly thereafter, Petitioner and fourteen other prisoners petitioned the South Carolina Supreme Court, in its original jurisdiction, for resentencing under *Miller*. *See Aiken v. Byars*, 765 S.E.2d 572, 573 (S.C. 2014). In *Aiken*, the South Carolina Supreme Court held,

> [T]he principles enunciated in *Miller v. Alabama* apply retroactively to these petitioners, to those similarly situated, and prospectively to all juvenile offenders who may be subject to a sentence of life imprisonment without the possibility of parole. Accordingly, any individual affected by our holding may file a motion for resentencing within one year from the filing of this opinion in the court of general sessions where he or she was originally sentenced.

*Id.* at 578. Pursuant to *Aiken*, Petitioner filed a Motion for Resentencing, which the South Carolina Supreme Court granted in August 2016. *Ham v. State*, 790 S.E.2d 191 (S.C. 2016). Petitioner's resentencing is currently pending. (ECF No. 1 at 12.)

On February 3, 2017, Petitioner's fourth PCR application was denied with prejudice. (ECF No. 17-10 at 4.) Petitioner raised claims of ineffective assistance of counsel and other constitutional violations, and challenged the validity of his guilty plea. (ECF No. 17-9 at 3.) The

---

[1] Only three of these PCR applications appear in the record.

[2] In *Graham*, the Supreme Court held, "The Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." *Graham v. Florida.*, 560 U.S. 48, 82 (2010).

[3] In *Miller*, the Supreme Court held, "[M]andatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller v. Alabama*, 567 U.S. 460, 465 (2012).

application was "summarily dismissed based upon expiration of the statute of limitations and the presumption against successive applications." (ECF No. 17-10 at 1.) On December 5, 2017, Petitioner filed a Petition for Writ of Certiorari in the South Carolina Supreme Court. (ECF No. 17-11.) The South Carolina Supreme Court dismissed the appeal on January 18, 2018. (ECF No. 17-12.)

On February 1, 2018, Petitioner filed the instant Habeas Petition, proceeding pro se and in forma pauperis. (ECF No. 1.) Petitioner alleges due process violations by the family court and his defense attorney, specifically that his defense attorney failed to inform him of his right to appeal the order transferring his case from family court to general sessions court; that his defense attorney failed to object, and the family court failed to exclude, hearsay testimony of an investigator about statements made by Petitioner's co-defendants; that his defense attorney incorrectly advised Petitioner to plead guilty "to equal punishment as [the] triggerman" for the murder charge; and that the trial court relied on improper information to "enhance [Petitioner's] punishment." (*Id.* at 5–6, 8.) Petitioner also claims the indictment in his case was invalid. (*Id.* at 7.)

On May 31, 2018, Respondent filed a Return, Memorandum of Law and Motion to Dismiss Without Prejudice Pending Petitioner's Resentencing in State Court.[4] (ECF No. 17.) Respondent asserts it is unclear whether Petitioner has met the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A),[5] "Though it would appear that Petitioner has exhausted – either properly or technically – his normally available state court remedies of direct appeal and post-conviction relief,

_____

[4] Respondent's Motion to Dismiss also appears on the docket as ECF No. 20, but without the attachments to ECF No. 17.

[5] 28 U.S.C. § 2254(b)(1)(A) provides, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."

given that the present litigation may affect the criminal sentence, definitive comment on exhaustion would not be prudent at this time." (*Id.* at 8, 9.) Respondent further asserts Petitioner's sentence is not final because it is being reconsidered, and "[T]h[is] action should be dismissed without prejudice for failure to exhaust and/or to refrain from jurisdiction and review in light of the ongoing state litigation." (*Id.* at 9, 10.)

Also on May 31, 2018, the Magistrate Judge issued a *Roseboro* Order, advising Petitioner of the motion to dismiss procedure and the consequences if he failed to respond to Respondent's Motion.[6] (ECF No. 18.)

On June 14, 2018, Petitioner filed a Response to Respondent's Motion to Dismiss. (ECF No. 21.) Petitioner asserts that only one of the grounds for relief he raised deals directly with his murder sentence, and that his Habeas Petition challenges his armed robbery conviction as well. (*Id.* at 2.) Petitioner also argues that if he is granted relief on his claim regarding the transfer of his case from family court to general sessions court, there will no longer be a need for a resentencing hearing in state court because "this court will be required to issue an order of release or reverse [Petitioner]'s sentence altogether." (*Id.*) Lastly, Petitioner contends he has exhausted his state law remedies because he raised the claims in his Habeas Petition before the PCR court and on appeal to both the South Carolina Court of Appeals and the South Carolina Supreme Court. (*Id.* at 6.)

On June 19, 2018, Respondent filed a Reply to Petitioner's Response in Opposition to Motion for Summary Judgment. (ECF No. 23.) Citing *Slocumb v. McKie*, Civil Action No. 9:10-1605-HMH, 2011 WL 2174974 (D.S.C. May 12, 2011), Respondent argues "it would be

---

[6] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring that "the [pro se] plaintiff be advised of his right to file counter-affidavits or other responsive material").

inappropriate" to consider Petitioner's habeas claims pertaining to his armed robbery conviction and the validity of his waiver from family to general sessions court. (*Id.* at 2.) In *Slocumb*, the district court declined to address a petitioner's other asserted grounds for habeas relief when he was going to be resentenced in state court. *Slocumb*, 2011 WL 2174974, at * 1. Respondent asserts that if the court rules on Petitioner's remaining grounds, it will result in "piecemeal litigation . . . subject[ing] th[e] court to future federal petitions from Petitioner." (*Id.*) Respondent further asserts that "if the Petitioner should persist in his desire to go forward, he should know Respondent may raise a successive litigation defense should he attempt to return to federal court for litigation of additional claims without authorization from the Fourth Circuit." (*Id.* at 3.)

On June 28, 2018, the Magistrate Judge entered his Report. (ECF No. 24.) The Magistrate Judge found Petitioner has not met the requirement of total exhaustion because the resentencing on his murder conviction under *Aiken* is still pending in state court. (*Id.* at 3.) Also citing *Slocumb*, the Magistrate Judge agreed with Respondent that proceeding on Petitioner's claims not directly related to his pending resentencing "may result in piecemeal state and federal consideration and litigation, and the petitioner may be denied additional federal habeas claims arising from future state proceedings because a subsequent federal habeas petition could be denied as successive." (*Id.*) As a result, the Magistrate Judge recommended dismissing Petitioner's Habeas Petition without prejudice. (*Id.* at 4.)

On July 13, 2018, Petitioner filed Objections to the Report of Magistrate Judge ("Objection"). (ECF No. 26.) First, Petitioner argues, "It would be contrary to the law to force [him] to wait until *after* he has been re-sentenced just to receive a fair hearing on the juvenile waiver hearing/order issue." (*Id.* at 3.) Petitioner contends that under *U.S. v. Doe*, 49 F.3d 859, 865 (2d Cir. 1995), "If a juvenile wishes to appeal a juvenile hearing order and does so timely, it

must be done before the [c]ourt of [g]eneral [s]essions impose[s] an adult sentence." (*Id.* at 4.) Petitioner, citing *U.S. v. Smith*, 851 F.2d 706, 708 (4th Cir. 1988), further argues the PCR court made an error of law in finding the transfer order was not immediately appealable. (*Id.* at 2.) Petitioner contends that such orders are immediately appealable because "the legal and practical benefits of being tried as a juvenile would be destroyed if the defendant were forced to wait until after the trial and final judgment in order to appeal the juvenile hearing order." (*Id.*) Petitioner also claims that "every circuit that has address[ed] th[is] issue has held an order transferring a juvenile to be tried as an adult is immediately appealable under the collateral order doctrine." (*Id.* at 2 (citing *U.S. v. Smith*, 851 F.2d at 708).) Second, Petitioner objects to the Magistrate Judge's reliance on *Slocumb*, arguing that Petitioner's case is distinguishable from *Slocumb* because unlike the petitioner in *Slocumb*, Petitioner is not challenging the constitutionality of his sentence under *Graham* and *Miller*. (*Id.* at 3–4.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and that recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. Accordingly, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). Failure to timely file a *specific*, written objection to a Report will result in a waiver of the right to appeal from an order based upon a Report. 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 845-47 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If a party fails to properly object because the objection lacks the requisite specificity, then de novo review by the court is not required. *See Suttles v. Chater*, No. 96-2138, 1997 WL 76900, at *1 (4th Cir. Feb. 25, 1997) (holding that "general, non-specific objections" are not sufficient when objecting to a magistrate judge's recommendation) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)).

The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, pro se documents, "no matter how inartfully pleaded, [must be carefully reviewed] to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997).

### III. DISCUSSION

Petitioner's Objection challenges the Magistrate Judge's finding that because Petitioner is going to be resentenced on his murder conviction, "[P]etitioner has not exhausted his state remedies in accordance with 28 U.S.C. § 2254(b)(1)(A)," (ECF No. 24 at 4). (ECF No. 26 at 1, 3–4.) The Magistrate Judge's reasoning is two-fold. First, relying on *Slocumb*, the Magistrate Judge found, "proceeding on [P]etitioner's due process claims (or other issues not directly tied to his pending re-sentencing) may result in piecemeal state and federal consideration and

litigation . . . ." (ECF No. 24 at 4.) Second, the Magistrate Judge found, "[P]etitioner may be denied additional federal habeas claims arising from future state proceedings because a subsequent federal habeas petition could be denied as successive." (*Id.*)

In *Magwood v. Patterson*, 561 U.S. 320 (2010), the United States Supreme Court confronted a similar situation. After challenging his murder conviction and death sentence on direct appeal and in post-conviction proceedings in Alabama, Petitioner Billy Joe Magwood filed a habeas petition in federal district court. 561 U.S. at 323. The district court conditionally granted Magwood's habeas petition, directing that he either be released or resentenced. *Id.* After a new resentencing hearing, Magwood was again sentenced to death; he filed another habeas petition challenging this new death sentence. *Id.* The district court found constitutional defects with this new death sentence and again conditionally granted Magwood's habeas petition. *Id.* The United States Court of Appeals for the Eleventh Circuit reversed the district court, holding Magwood's habeas petition challenging the new death sentence was an unreviewable second or successive challenge under 28 U.S.C. § 2244(b) because Magwood could have challenged his first death sentence on the same grounds. *Id.* The United States Supreme Court reversed the Eleventh Circuit Court of Appeals, holding, "Because Magwood's habeas application challenges a new judgment for the first time, it is not 'second or successive' under § 2244(b)." *Id.* at 323–24.

The Supreme Court reasoned that Magwood's resentencing resulted in a new judgment and that "his first application challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." *Id.* at 331. The Court further explained that, "AEDPA's text commands a more straightforward rule: where . . . there is a 'new judgment intervening between the two habeas petitions,' . . . an application challenging the resulting new judgment is not 'second or successive' at all." *Id.* at 341–42 (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

However, the Court also reiterated that failure to exhaust state court remedies would still result in a procedural bar to review of a habeas petition:

> A petitioner may not raise in federal court an error that he failed to raise properly in state court in a challenge to the judgment reflecting the error. If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention—whether in trial, appellate, or habeas proceedings, as state law may require—procedural default will bar federal review.

*Id.* at 340.

> Under *Magwood*, the Magistrate Judge's "concerns" that
>
> proceeding on [P]etitioner's due process claims (or other issues not directly tied to his pending re-sentencing) may result in piecemeal state and federal consideration and litigation, and [P]etitioner may be denied additional federal habeas claims arising from future state proceedings because a subsequent federal habeas petition could be denied as successive

are misplaced. (ECF No. 24 at 4.) *Magwood* clearly holds that any habeas petition that Petitioner may file challenging his resentencing will not be second or successive to Petitioner's current habeas petition. *See* 561 U.S. at 341–42 ("AEDPA's text commands a more straightforward rule: where . . . there is a 'new judgment intervening between the two habeas petitions,' . . . an application challenging the resulting new judgment is not 'second or successive' at all." (quoting *Burton*, 549 U.S. at 156)). Also, in noting that failure to exhaust state court remedies is a procedural bar to federal habeas review, the *Magwood* Court explained that, "A petitioner may not raise in federal court an error that he failed to raise properly in state court in a challenge *to the judgment reflecting the error.*" *Id.* at 340 (emphasis added). Thus, Petitioner's pending resentencing has no bearing on whether he has exhausted state court remedies as to the claims of error Petitioner asserts in his current habeas petition. Under *Magwood*, the judgment Petitioner currently challenges—the judgment reflecting the error—is separate and distinct from the

judgment that will result from his new resentencing hearing.[7] *See id.*; *In re Gray*, 850 F.3d 139, 143 (4th Cir. 2017) ("The *Magwood* Court made clear that it is the newness of the intervening judgment as a whole that resets the habeas counter to zero. When Gray was resentenced, he was confined pursuant to a new judgment. He therefore does not require this [c]ourt's authorization to challenge, for the first time, that new judgment, which includes both his sentence and his underlying conviction. The *Magwood* framework, by . . . focusing entirely on the newness of the judgment, dictates this conclusion.").[8]

Accordingly, the court finds the Magistrate Judge's finding that Petitioner has not exhausted his state remedies because of his pending resentencing does not comport with *Magwood*, necessitating that the court reject the Magistrate Judge's Report and deny Respondent's Motion to Dismiss. Whether Petitioner has exhausted his state court remedies turns only on whether he has fairly presented the substance of his claims to the South Carolina Supreme Court.[9] *See Atkins v. Moore*, 139 F.3d 887 (4th Cir. 1998) ("Because Atkins presented his claim that trial counsel were constitutionally ineffective to the South Carolina Supreme Court, the claim has been exhausted."); *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) ("To exhaust state remedies, a habeas petitioner

---

[7] In a footnote, the *Magwood* Court noted that, "Several Courts of Appeals have held that a petitioner who succeeds on a first habeas application and is resentenced may challenge only the 'portion of a judgment that arose as a result of a previous successful action.' *Lang v. United States*, 474 F.3d 348, 351 – 352 (C.A.6 2007) (citing decisions); see also *Walker, supra*, at 455; *Esposito v. United States*, 135 F.3d 111, 113–114 (C.A.2 1997) (*per curiam*)." 561 U.S. at 342 n.16.

[8] *See also id.* at 340 n.15 ("The dissent's concern that such a petitioner may 'reraise every argument against a sentence that was rejected by the federal courts during the first round of federal habeas review,' *post*, at [354], is similarly hyperbolic. It will not take a court long to dispose of such claims where the court has already analyzed the legal issues.")

[9] Respondent essentially concedes the exhaustion question. (*See* ECF No. 17 at 8–9 ("It is unclear whether Petitioner has met the exhaustion requirement of 28 U.S.C. § 2254 (b)(1)(A). . . . Though it would appear that Petitioner has exhausted – either properly or technically – his normally available state court remedies of direct appeal and post-conviction relief, given that the present litigation may affect the criminal sentence, definitive comment on exhaustion would not be prudent at this time.").)

10

must fairly present the substance of his claim to the state's highest court.").  Therefore, on return of this matter to the Magistrate Judge, before addressing the merits of Petitioner's claims, the Magistrate Judge should determine whether Petitioner presented his federal habeas claims to the South Carolina Supreme Court.  *See Magwood*, 561 U.S. at 340 ("The dissent's concern that our rule will allow 'petitioners to bring abusive claims so long as they have won any victory pursuant to a prior federal habeas petition,' *post*, at [354], is greatly exaggerated. A petitioner may not raise in federal court an error that he failed to raise properly in state court in a challenge to the judgment reflecting the error. If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's attention—whether in trial, appellate, or habeas proceedings, as state law may require—procedural default will bar federal review.").[10]

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds Petitioner's pending resentencing does not preclude review of his Habeas Petition.  Accordingly, the court **REJECTS** the Report and Recommendation of the Magistrate Judge (ECF No. 24) and **DENIES** Respondent's Motion to Dismiss (ECF Nos. 17, 20).  The court recommits this action to the Magistrate Judge for further proceedings.[11]

---

[10] *See also Magwood*, 561 U.S. at 340 ("In this case, the State argued that Magwood procedurally defaulted his fair-warning claim by failing to raise it properly in his collateral challenge to the 1986 judgment, and sought dismissal on that ground.  Only after ruling that Magwood did not procedurally default the claim did the District Court *sua sponte* consider whether § 2244(b) barred review.  We leave that procedural-default ruling to the Court of Appeals to review in the first instance.  Here, we underscore only that procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not." (footnotes omitted)).

[11] The court declines to address Petitioner's other objection, arguing that "every circuit that has address[ed] the issue has held an order transferring a juvenile to be tried as an adult is immediately appealable under the collateral order doctrine."  (ECF No. 26 at 2 (citing *U.S. v. Smith*, 851 F.2d at 708).)  The Magistrate Judge did not address the merits of Petitioner's claim that he was denied due process by his defense attorney's failure to advise him of his right to appeal the transfer of his

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 17, 2018
Columbia, South Carolina

---

case from family court to general sessions court.  Accordingly, there is no "finding" upon which Petitioner can object to.  *See* Fed. R. Civ. P. 72(b) (mandating that Objections to a Report and Recommendation must identify specific findings of the Report and state the basis for objecting to those findings).