# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Angelo Ham, | ) |
|             Petitioner, | ) Civil Action No. 6:18-cv-00290-JMC |
| v. | ) **ORDER AND OPINION** |
| Warden Williams, | ) |
|             Respondent. | ) |

Petitioner Angelo Ham, proceeding *pro se* and *in forma pauperis*, filed for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition"). (ECF No. 1.) The matter before the court is a review of the Report and Recommendation ("Report") issued by the Magistrate Judge on July 23, 2019. (ECF No. 39.) For the following reasons, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 39), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 34), and **DISMISSES** the Habeas Petition (ECF No. 1) with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is incarcerated at the McCormick Correctional Institution serving a life sentence without the possibility of parole for murder and a concurrent sentence of twenty-five years for armed robbery. (ECF No. 39 at 2.) Petitioner filed a Habeas Petition on February 1, 2018, that asserts "ineffective assistance of counsel, violations due to illegal indictments, and illegal waiver from juvenile to adult [court]." (ECF No. 1 at 3.) On December 21, 2018, Respondent filed a Motion for Summary Judgment based on the Pleadings. Fed. R. Civ. P. 56(b). Thereafter, the Magistrate Judge issued his Report recommending that the court grant Respondent's motion and dismiss Petitioner's Habeas Petition. (ECF No. 39 at 31.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with

which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

A. <u>First Objection</u>

The Report recommends granting Respondent's Motion for Summary Judgment because Petitioner has failed to meet the first and second prongs of *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court determined that, to be entitled to relief for ineffective assistance of counsel, a petitioner must show: (1) a trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but-for counsel's error, the outcome of the proceeding would have been different. *Id.* at 687-97.

Petitioner objects to "Ground 1.1.a: Ineffective Assistance of Counsel" of the Report, arguing that:

> [Petitioner] raised and argued that 'his juvenile counsel was ineffective for failing to advise him of his right to appeal or discuss . . . rights to appeal the waiver order . . . [Petitioner] also relied and quoted a state precedent where a juvenile appealed the waiver order because that juvenile was erroneously waived to the court of General Sessions for a crime that couldn't be waived to that court.

(ECF No. 41 at 2.)

While Petitioner's objection cites a specific portion of the Report, he merely rehashes his previous assertions. (Compare ECF No. 41 at 2, with ECF No. 1 at 5.) The record shows that the Post-Conviction Relief court's rejection of the ineffective assistance of claim was not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). As such, Petitioner's first objection is without merit.

B. Second Objection

The Report recommends granting Respondent's Motion for Summary Judgment because "the record indicates compliance with [*Kent v. United States*, 383 U.S. 541 (1966)] and the [P]etitioner has not met his burden of showing that his waiver to the Court of General Sessions was not in compliance with *Kent*." (ECF No. 39 at 28-29.)

Petitioner objects to "Ground 1.2.a: Waiver Hearing" of the Report, claiming that:

> Although the Magistrate Judge recognize [sic] that 'juvenile waiver hearings must measure up to the essentials of due process and fair treatment,' the Magistrate Judge failed to see and recognize that the [sic] Judge Henderson failed to allow [Petitioner] to speak at this hearing in violation of [Petitioner's] allocution rights; failed to allow [his] mother to speak at this hearing; allowed the State to use hearsay testimony against [Petitioner] after noticing that different versions of the case was [sic] given by [Petitioner] (and his co-defendants); and failed to force the State to present rehabilitative programs in the adult court that would benefit [Petitioner]. The Family Court also failed to honor the facts that [Petitioner] was not armed with a deadly weapon before, during, or after the crime.

(ECF No. 41 at 4.)

The court finds that Petitioner's second objection is also a restatement of the earlier claim that his hearing was defective because the State failed to present clear and convincing evidence to support a waiver from Family Court to the Court of General Sessions. (*Compare* ECF No. 41 at 4, *with* ECF No. 1 at 5.) The record shows that a full investigation into Petitioner's background was conducted and that the Family Court judge's decision was made after careful consideration of the facts and testimony related to Petitioner's criminal history. *See Kent*, 383 U.S. at 561-63. Consequently, Petitioner's second objection is without merit.

## IV. CONCLUSION

After a thorough review of the Report and of the record in this case, the court **ADOPTS** the Magistrate Judge's Report (ECF No. 39), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 34), and **DISMISSES** the Habeas Petition (ECF No. 1) with prejudice.

4

## Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 22, 2019
Columbia, South Carolina